19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick McKENZIE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1883.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 24, 1994.
 
 Before CUMMINGS, KANNE, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Patrick McKenzie appeals the district court's denial of his motion for post-conviction relief under 28 U.S.C. Sec. 2255.[1] He claims that in imposing his sentence the district court erroneously denied him parole under 21 U.S.C. Sec. 841(b)(1).[2] However, McKenzie's sentence was imposed under the sentencing guidelines. See U.S.S.G. Sec. 5G1.1. He was denied parole not because of Sec. 841, but because the guidelines abolished parole. Mistretta v. United States, 488 U.S. 361, 367 (1989); United States v. Masters, 978 F.2d 281, 287 (7th Cir.1992), cert. denied, 113 S.Ct. 2333 (1993). Therefore, the district court properly denied relief.
 
 
 2
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). McKenzie has filed such a statement. After considering that statement, we deny the request for oral argument and decide the appeal on the briefs and record
 
 
 [1]
 Because we had affirmed McKenzie's sentence on direct appeal, United States v. McKenzie, 922 F.2d 1323, 1328 (7th Cir.1991), cert. denied, 112 S.Ct. 163 (1991), the district court properly concluded that McKenzie could not seek relief under Rule 35(a). Fed.R.Crim.P. 35(a). Nor could he seek relief under Rule 35(c), which authorizes a court to correct an arithmetical, technical or clear error, because the seven day time limit had expired. Fed.R.Crim.Pro. 35(c). Thus, the district court properly converted McKenzie's motion to a petition for post-conviction relief under 28 U.S.C. Sec. 2255. United States v. Corbitt, No. 92-3835, slip op. at 10 n. 10 (7th Cir. Dec. 28, 1993)
 
 
 [2]
 Because McKenzie's claim arises under a statute, it is cognizable in a petition under Sec. 2255. See Scott v. United States, 997 F.2d 340, 341-43 (7th Cir.1993) (challenges brought under the guidelines may not be raised in a petition under Sec. 2255)